**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HEKMAT LAW GROUP**
Joseph M. Hekmat, Esq. (SBN: 265229)
11111 Santa Monica Blvd., Suite 1700
Los Angeles, CA 90025
Telephone: (424) 888-4529
Facsimile: (424) 270-0242

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ALLEN BRODETSKY, Individually and on Behalf of All Others Similarly Situated**<br><br>Plaintiff,<br><br>v.<br><br>**AMECI PIZZA & PASTA INC.,**<br><br>Defendant. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. ALLEN BRODETSKY ("Mr. Brodetsky" or "Plaintiff"), brings this class action complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of AMECI PIZZA & PASTA INC., ("Ameci" or "Defendant") and its related entities, subsidiaries and agents, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy.

2. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call …" *Id*. at §§ 12-13.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b).

6. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b), because Plaintiff resides in this district, the events giving rise to Plaintiff's causes of action against Defendant occurred within this district and Defendant conducts business in the County of Los Angeles.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the County of Los Angeles, City of Tarzana, in the State of California.

8. Plaintiff is informed and believes, and thereon alleges, that Ameci is, and at all times mentioned herein was, a corporation whose principal place of business is located in Canoga Park, CA.

9. Ameci is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153(39).

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California and in the County of Los Angeles.

## FACTUAL ALLEGATIONS

11. On or about September 13, 2019 at 2:26 p.m., Plaintiff received a text message on his cellular telephone ending in "0831" from 888-873-3997 ("3997"), stating:

> Ameci Pizza & Pasta's Limited Time Specials! Click the Link to view these Awesome Deals: https://mailchi.mp/c8b6ff61c986/ameci-italian-kitchen-big-discounts?e=1a8f76e54a Reply "Stop" to be unsubscribed

12. Upon clicking the link, the user is directed to Ameci's website containing several different offers and deals.

13. On or about October 2, 2019 at 3:28 p.m.; October 4, 2019 at 5:25 p.m.; and October 25, 2019 at 5:25 p.m., Plaintiff again received several text messages from the 3997 telephone number. All of these text messages were substantially similar to the first text message.

14. Frustrated with constantly receiving unwanted marketing text messages, on or about October 29, 2019 at 2:55 p.m., Plaintiff requested that Ameci stop testing him by texting "Stop" to the 3997 telephone number.

15. In response to this revocation request, the 3997 number almost instantly responded with:

> NETWORK MSG: You replied with the word "stop" which blocks all texts sent from this number. Text back "unstop" to receive messages again.

16. Despite this, on November 15, 2019, Plaintiff received another text message on his 0831 telephone number from (888) 873-4830 stating:

> Ameci Pizza & Pasta's Limited Time Offers! Press the URL to see these Incredible Offers: https://mailchi.mp/968219e0c2ef/winter-specials?e=a257aadfad Respond "Stop" to be removed

17. Additionally, on or about December 12, 2019 at 3:15 p.m., Plaintiff received another substantially similar text message from this number.

18. Feeling as though he had no way of making the unwanted text messages cease, Plaintiff filed the current lawsuit.

19. Plaintiff did not provide consent for Defendant to send these text messages Plaintiff's cellular telephone at any point in time, pursuant to 47 U.S.C. § 227 (b)(1)(A).

20. Even if Defendant had obtained the requisite consent from Mr. Brodetsky, Plaintiff revoked consent by messaging "Stop" to Defendant, which Defendant noted receipt of.

21. The SMS text messages were sent using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential

1  number generator, and to dial such numbers, and was therefore an automatic
2  telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).
3  22. The SMS text messages constituted a "telephone solicitation" within the
4  meaning of 47 U.S.C. § 227(a)(4) in that they were initiated for the purpose of
5  encouraging the purchase of a good or service.
6  23. Plaintiff did not provide consent to Defendant to send these SMS text messages
7  Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).
8  24. These SMS text messages made by Defendant or its agents were sent in
9  violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of himself and all others similarly situated (the "Class").

26. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States who received any text messages from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

27. Plaintiff represents, and is a member of, the Sub-Class, consisting of:

> All persons within the United States who received any non-confirmatory text messages from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system, after having sent a "stop" text message (or substantially similar request for text messages to cease), within the four years prior to the filing of the Complaint.

28. The Class and Sub-Class are jointly referred to as the Classes.

29. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the members of the Classes number in the hundreds, if not substantially more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

30. Plaintiff and members of the Classes were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the members of the Classes via their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of Plaintiff and the Class members. Plaintiff and the members of the Classes were damaged thereby.

31. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Classes and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class and Sub-Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

32. The joinder of the members of the Classes is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

33. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual members, of the Classes including the following:

   a. Whether, within the four years prior to the filing of the Complaint, Defendant sent any text messages (other than a call made for emergency purposes or made with the prior express consent of the

       called party) to members of the Classes using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

    b. Whether the text messages constitute telemarketing requiring prior express written consent;

    c. Whether Defendant sent any non-confirmatory text messages after having received a request from the consumer for text messages to cease;

    d. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    e. Whether Defendant should be enjoined from engaging in such conduct in the future.

34. As a person that received at least one text message using an automatic telephone dialing system, without Plaintiff's prior express written consent, including after having revoked any consent that may have existed, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Classes.

35. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

36. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

37. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with the law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

38. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class and Sub-Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

39. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

40. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

41. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///
///
///
///
///

## SECOND CAUSE OF ACTION

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

44. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and each member of the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

46. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the members of the Classes the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

• As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

• Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and the Class injunctive relief prohibiting such conduct in the future.

• Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks for himself and the Class injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: January 21, 2020                              Kazerouni Law Group, APC

                                                                                           By: /s Abbas Kazerounian
                                                                                                ak@kazlg.com
                                                                                                Abbas Kazerounian
                                                                                                *Attorneys for Plaintiff*

**Kazerouni Law Group, APC**
Costa Mesa, California